

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00687-CV

**In the Interest of U.B.**, R.B., and B.B., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-02670
Honorable Timothy F. Johnson, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:   February 6, 2013

REVERSED AND REMANDED

Ricardo B.[2] appeals the trial court's order, rendered after a bench trial, terminating the parent-child relationship between him and three children, U.B., R.B., and B.B. We reverse the order and remand the cause for a new trial.

The Department of Family and Protective Services ("the Department") initiated this suit in December 2010, asserting appellant was the alleged father of the three children and seeking a determination of parentage and termination of his parental rights. The Department alleged alternative grounds under sections 161.001 and 161.002 of the Texas Family Code for terminating Ricardo B.'s rights.

---

[1] Former Judge, sitting by assignment.

[2] To protect the identity of the minor children, we refer to appellant by his first name and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8.

On January 24, 2011, after being served with citation, Ricardo B. filed a *pro se* letter, directed to the judge in whose court the case was pending. The letter referred to the three children and to a fourth child, S.L.[3], as "my children," and stated "I'm interested in obtaining my parental rights and getting custody of my children." Ricardo B. also requested temporary placement of the children with his parents if necessary. Subsequently, Ricardo B.'s appointed attorney filed a general denial, but he did not file a counterclaim for paternity under chapter 160 of the Family Code. At the final hearing in September 2012, Ricardo B. testified he is the father of the children. He also testified that he loved them, was capable of caring for them physically, emotionally, and medically, and was willing to take the necessary steps to do so.

After trial, the trial court signed a final order that adjudicated Ricardo B. to be the father of U.B., R.B., and B.B. The trial court terminated the parent-child relationship between Ricardo B. and the children on the ground that

> after having waived service of process or being served with citation in this suit, [Ricardo B.] did not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing in this suit.

*See* TEX. FAM. CODE ANN. § 161.002(b)(1) (West 2008). The order does not contain any findings regarding the alternative grounds for termination under Section 161.001(1) that were alleged in the petition.

Section 161.002(b)(1) of the Family Code provides the trial court may summarily terminate the rights of an alleged father if "after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160." *Id.*; *see Toliver v. Tex. Dep't of Family & Prot. Servs.*, 217 S.W.3d 85, 105 (Tex. App.—

---

[3] Although Ricardo B. considers S.L. to be his child, the trial court adjudicated another man to be S.L.'s father. Ricardo B. does not challenge that finding on appeal. He only challenges the termination of his rights with respect to U.B., R.B., and B.B.

Houston [1st Dist.] 2006, no pet.). However, if the alleged father files an admission of paternity, his rights may only be terminated if the Department proves by clear and convincing evidence one of the grounds for termination in Section 161.001(1) and that termination is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); § 161.002(a) (West 2008); *Phillips v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 348, 357 (Tex. App.—Austin 2000, no pet.).

There are no formalities that must be observed when filing an admission of paternity or for such an admission to be effective. *In re G.A.G.*, No. 04-07-00243-CV, 2007 WL 3355463, at *1 (Tex. App.—San Antonio Nov. 14, 2007, no pet.) (mem. op.); *see, e.g., Toliver*, 217 S.W.3d at 105 (holding that where alleged father did not file document claiming paternity, but appeared at trial to assert paternity and oppose termination of rights, trial court could not terminate rights under 161.002(b)); *In re K.W.*, 138 S.W.3d 420, 430 (Tex. App.—Fort Worth 2004, pet. denied) (holding letter sent by alleged father to Department and court coordinator, stating he is the father and did not want to relinquish his rights is sufficient admission of paternity under Section 161.002).

We hold Ricardo B.'s letter to the trial court and his testimony at trial constitute an admission of paternity within the meaning of section 161.002(b)(1) of the Family Code. In its brief on appeal, the Department concedes that appellant's letter to the trial court was sufficient to trigger the Department's burden to prove one of the grounds for termination alleged under section 161.001(1) of the Family Code and that the termination order does not contain any findings under that section. We therefore hold the evidence is legally insufficient to support the trial court's order terminating the parent-child relationship between Ricardo B. and the children U.B., R.B., and B.B, and we reverse that part of the order.

Ordinarily, the court would render judgment after holding the evidence is legally insufficient. *See In re J.E.H.*, No. 04-12-00110-CV, 2012 WL 4579296, at *5 (Tex. App.—San Antonio Oct. 3, 2012, no pet.). However, Ricardo B.'s prayer asks the court to reverse and remand for a new trial. In addition, the Department argues the circumstances of this case justify remanding it rather than rendering judgment. In the interest of justice, we therefore remand this cause to the trial court for a new trial. *See* TEX. R. APP. P. 43.3(b).

Luz Elena D. Chapa, Justice